UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STOKES,<br><br>        Plaintiff,<br><br> - against -<br><br>MOBY DICK BAR<br><br>        Defendant. | Docket No. 3:19-cv-5743<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Michael Stokes ("Stokes" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Moby Dick Bar ("Moby Dick" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of models, owned and registered by Stokes, a California based professional photographer. Accordingly, Stokes seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in California.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Stokes is a professional photographer in the business of licensing his photographs for a fee having a usual place of business at 1201 Alvira Street, Los Angeles, California 90035.

6. Upon information and belief, Moby Dick is a domestic business corporation company duly organized and existing under the laws of the State of California, with a place of business at 4049 18th Street, San Francisco, California 94114. At all times material, hereto, Moby Dick has operated their Facebook page at the URL: www.Facebook.com/MobyDickBar (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photographs**

7. Stokes photographed models (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8. Stokes is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs was registered with the United States Copyright Office and were given registration numbers VAu 1-185-837 and VAu 1-224-488.

**B. Defendant's Infringing Activities**

11. Moby Dick ran the Photographs on the Website to promote their bar. See: https://www.facebook.com/MobyDickBar/photos/a.121647809646/10154288086634647/?type=3&theater and https://www.facebook.com/MobyDickBar/photos/a.121647809646/10154136262164647/?type=3&theater. Screenshots of the Photographs on the Website are attached hereto as Exhibit B.

12. Moby Dick did not license the Photographs from Plaintiff for its Website, nor did Moby Dick have Plaintiff's permission or consent to publish the Photographs on its Website.

**<u>CLAIM FOR RELIEF</u>**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

15. Moby Dick infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Moby Dick is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Moby Dick have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Moby Dick be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 12, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305

Valley Stream, New York
Tel: 516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Michael Stokes*