UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL STOKES<br><br>Plaintiffs,<br><br>- against -<br><br>DAVIC INCORPORATED<br><br>Defendant. | Case No. 4:19-cv-05743 (YGR)<br><br><u>Judge</u>: Hon. Yvonne Gonzalez Rogers<br><br><u>Date Filed</u>: September 12, 2019<br><br><u>Trial Date</u>: Not yet set |

**RESPONSE TO ORDER TO SHOW CAUSE**

I, RICHARD P. LIEBOWITZ, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I submit this declaration in response to the Order to Show Cause dated November 22, 2019 (the "November 22 OSC") entered by the Honorable Yvonne Gonzalez Rogers.

2. I am an attorney licensed to practice law in the State of New York and the founding member and principal of Liebowitz Law Firm, PLLC (the "Firm"), which is headquartered in Valley Stream, New York. The Firm specializes in enforcing the rights of copyright holders against media companies and other outfits which expropriate the intellectual property rights of authors and original creators.

1309138.v1

3. Since January 2016, the Firm has filed more than 2000 infringement lawsuits in federal courts of various jurisdictions in an effort to vindicate the public interest and enforce the constitutional and statutory rights of copyright holders. This volume of cases unfortunately reflects how widespread and systemic the infringement of the copyright rights of photographers and artists (among whom our clients are just a small umber) is throughout the United States.

4. Copyright infringement cases like the ones brought by our Firm on behalf of individual copyright holders are extremely important and do more than compensate victims. They secure intellectual property rights from widespread invasion by large corporations, maintain order in society, and promote the Progress of the Sciences and the useful Arts. *See, e.g., Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 295 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 575 (2d Cir. 2009) ("The Copyright Act's principal purpose is to encourage the origination of creative works by attaching enforceable rights to them" and noting *that* meritorious claims "help demarcate the boundaries of copyright law . . . as clearly as possible in order to maximize the public exposure to valuable works.") (internal quotations and citations omitted); *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); *Walt Disney Co. v. Best*, No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements"); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) ("The protection of copyrights is a vindication of the public interest, and the statutory penalty for copyright infringement is intended not just to compensate the

copyright owner, but to deter Kayne and others like them from committing copyright infringement."); 3 Nimmer § 14.06[A], at 14–80.

5. Copyright infringement of photographs on-line has become a national epidemic. Unfortunately, the Northern District of California is not immune, as there are many companies located in this District which violate the rights of copyright holders. In this District, I have served as counsel *pro hac vice* for copyright holders in twenty-two actions, which is an infinitesimal fraction of the infringement cases filed by the Firm.

6. I do not reside in California nor am I regularly employed in California.

7. By the November 22 OSC, the Court questioned whether I am "regularly engaged in the practice of law in the State of California" as a result of having filed twenty-two cases in the last four months. Respectfully, I do not agree that these recent filings establish that I am regularly engaged in the practice of law in this District. Considering the large volume of cases the Firm files nationwide, twenty-two cases filed within four months is actually quite *infrequent.*

8. I note for the Court that the Firm did not file any cases in this District prior to August 2019. The recent spate of filings has been somewhat of an anomaly where the Firm has had multiple clients whose rights were infringed by defendants in this District. Because of the federal venue rules and to avoid protracted and expensive motion practice regarding venue if we were to have filed in the districts where the plaintiffs reside, the Firm filed the recent cases in the Northern District.

9. The frequency with which our Firm files cases is not to be measured against the frequency with which, for example, Anti-Trust cases are filed. The recent infringement cases we filed are straightforward cases usually involving infringement of one or a small number of works. We further note that several of the cases we recently filed already have

been resolved.  The Court should therefore take into consideration the nature and type of actions being filed.

10.   The Local Rules do not specify the actual number of cases that may be filed in any given time *pro hac vice* before an attorney is deemed to be "regularly engaged in the practice of law in California."  I therefore submit it would be inequitable to strike my prior *pro hac vice* admissions or refuse to accept any future motions to appear *pro hac vice.*  This is especially true since striking the *pro hac vice* admissions in the pending cases or barring future *pro hac vice* admissions would be greatly prejudicial to the Firm's clients, who may not be able to find representation to vindicate their rights if the Firm cannot represent them.

11.   If the Northern District revises the Local Rules or if this Court issues an order to provide a more specific definition of what it means to "regularly practice law in the State of California," , I would fully and faithfully comply with such Rules.  But as it stands, there are no fixed parameters or limitations on the number of cases that may be filed in a given time period.

12.   Accordingly, I respectfully request that the Court decline to strike my prior *pro hac vice* admissions or refuse to accept any future motions to appear *pro hac vice.*

Dated: Valley Stream, New York
       December 13, 2019

                                          LIEBOWITZ LAW FIRM, PLLC

                                          By: /s/richardliebowitz/

                                          Richard Liebowitz (RL1234)
                                          (*Admitted Pro Hac Vice*)
                                          11 Sunrise Plaza, Suite 305
                                          Valley Stream, NY 11580
                                          Tel: (516) 233-1660
                                          rl@LiebowitzLawFirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gregory P. Goonan (Cal Bar # 119821)
THE AFFINITY LAW GROUP
5755 Oberlin Drive, Suite 200
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

*Attorneys for Plaintiffs*